IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-00354-01-CR-W-HFS |
| | ) | |
| ANGELO D. JONES, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Angelo D. Jones's Motion to Dismiss Under the Second Amendment (Doc. #59). Defendant Jones contends that under the framework announced in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022), the statute under which the defendant is charged, 18 U.S.C. § 922(g)(1), violates the defendant's Second Amendment right to keep and bear arms. (Doc. #59 at 11.) For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

On December 15, 2020, the Grand Jury returned a two-count Indictment against defendants Angelo D. Jones and Darnell E. Rhone.[1] Defendant Jones is charged in Count One of the Indictment which provides:

**COUNT ONE**
*(Felon in Possession of a Firearm and Ammunition)*

On or about October 25, 2020, in the Western District of Missouri, the defendant, ANGELO JONES, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly

---

[1] Defendant Rhone entered a guilty plea on August 23, 2022.

possess a firearm, to wit, a .40 caliber handgun, and ammunition, to wit, two rounds of .40 caliber S&W ammunition, and said firearm and ammunition had been transported in interstate commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1).[2]

(Doc. #1 at 1.)

The statute under which defendant Jones is charged in the Indictment, 18 U.S.C. § 922(g)(1), provides:

> (g)  It shall be unlawful for any person—
>
> (1)  who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> * * *
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

## II.  DISCUSSION

Defendant Jones contends that the Indictment should be dismissed because the felon-in-possession statute violates the Second Amendment to the United States Constitution. Defendant Jones provides the following argument for dismissal:

> Under the framework announced in *Bruen*, § 922(g)(1) violates Mr. Jones' Second Amendment right to keep and bear arms.[3] The amendment's "plain text"

---

[2]The government has advised that "[a]lthough the Indictment alleges Jones is subject to the penalty provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e), the United States no longer believes Jones will be subject to the ACCA . . . ." (Government's Response in Opposition to Defendant's Motion to Dismiss Indictment at n.1; Doc. #64.)

[3]Defendant Jones raises both an as applied and facial constitutional challenge to 18 U.S.C.

does not differentiate between convicted felons and other members of "the people," and a total prohibition on firearm possession by felons therefore presumptively violates the Second Amendment. The government will be unable to rebut that presumption. Felon-disarmament laws, which did not appear in this country until the 20th century, were unknown to the founding generation. There was no "historical tradition," as of 1791, of barring felons from possessing firearms, and more recent legislative enactments cannot supplant the understanding of the right to keep and bear arms that prevailed when the Second Amendment was enacted.

(Motion to Dismiss Under the Second Amendment at 11; Doc. #59.)

The government responds that "nothing in *Bruen* casts doubt on the constitutionality of § 922(g)(1)." (Government's Response at 1; Doc. #64.) The government further responds:

[T]he Second Amendment does not extend to the possession of a gun by a felon. Applying the framework recently clarified by *Bruen*, Jones's challenge lacks merit: possession of a firearm by a felon falls outside the scope of the Second Amendment's protections. Moreover, even if this Court were to find otherwise, the prohibitions on such conduct fall within the nation's long-standing tradition of disarming citizens who are not engaging in lawful activity or are otherwise law-abiding.

(*Id.* at 5.)

Following the United States Supreme Court's decision in *Bruen*, there have been numerous attempts by defendants facing charges under 18 U.S.C. § 922(g)(1) to dismiss these charges as unconstitutional. This Court, in conducting its research, has not found any case where a defendant's challenge was successful.[4] Instead, the district courts which have examined the

---

§ 922(g)(1). (Reply to Government's Response in Opposition to Motion to Dismiss at 4; Doc. #70.) However, both challenges are based on the same analysis. (*Id.*)

[4]The Court acknowledges the case of *United States v. Quiroz*, PE:22-CR-00104-DC, 2022 WL 4352482 (W.D. Tex. Sept. 19, 2022), a case cited by defendant Jones in his reply brief. In *Quiroz*, United States District Judge David Counts found that 18 U.S.C. § 922(n), a statute prohibiting persons under felony indictment from receiving a firearm, is not consistent with this Nation's historical tradition of firearm regulation and, thus, violates the Second Amendment. 2022 WL 4352482, at *13. However, in two subsequent cases, *United States v. Collette*, MO:22-CR-00141-DC, 2022 WL 4476790 (W.D. Tex. Sept. 25, 2022), and *United States v. Charles*, MO:22-CR-00154-DC, 2022 WL 4913900 (W.D. Tex. Oct. 3, 2022), Judge Counts found 18 U.S.C. § 922(g)(1) to be constitutional. In *Collette*, Judge Counts explained that the concerns in

3

constitutionality of section 922(g)(1) following the *Bruen* decision have denied the defendants' motions to dismiss. One such case, *United States v. King*, 21-CR-255 (NSR), 2022 WL 5240928 (S.D.N.Y. Oct. 6, 2022), provided the following analysis:

> The Supreme Court unequivocally validated the felon disarmament laws in *McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010), and *D.C. v. Heller*, 554 U.S. 570 (2008), twice reassuring that its decisions interpreting the Second Amendment should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Heller*, 554 U.S. at 626. The subsequent *New York State Rifle & Pistol Ass'n, Inc. v. Bruen* majority opinion does not expressly address the issue of felon disarmament. 142 S.Ct. 2111 (2022).
>
> Here, Defendant essentially argues that *Bruen* should be taken to "cast doubt on longstanding prohibitions on the possession of firearms by felons" in marked departure from *McDonald* and *Heller*. Cf. *McDonald*, 561 U.S. at 786; *Heller*, 554 U.S. at 626. This argument is meritless. First, the *Bruen* majority opinion makes abundantly clear that *Heller* and *McDonald* stand as controlling precedents. *See Bruen* at 2134. Second, the *Bruen* majority repeatedly notes that the petitioners are "law-abiding" citizens. *See, e.g., Bruen* at 2119, 2120, 2122, 2125, 2131. Third, Justice Alito, in his concurrence opinion, explicitly clarifies that *Bruen* does not "disturb anything . . . in *Heller* or *McDonald v. Chicago* . . . about restrictions that may be imposed on the possession or carrying of guns." *Bruen* at 2157. Fourth, Justice Kavanaugh, joined by Chief Justice Roberts, reiterates in his concurrence that "the Second Amendment allows a 'variety' of gun regulations" as prescribed by *Heller*. *Bruen* at 2162. 18 U.S.C. Section 922(g)(1) is among such regulations that have been found constitutional by the Second Circuit in *United States v. Bogle*, 522 F. App'x 15, 17 (2d Cir. 2013). *See also United States v. Jimenez*, 895 F.3d 228, 233 (2d Cir. 2018) (citing *Bogle* as precedent "uphold[ing] the federal ban on ex-felons' access to firearms and ammunition"). Accordingly, 18 U.S.C. Section 922(g)(1) is constitutional.

*King*, 2022 WL 5240928, at *5.

Another case which examined the constitutionality of section 922(g)(1) following the *Bruen* decision, *United States v. Jackson*, Criminal No. 21-51 (DWF/TNL), 2022 WL 4226229 (D. Minn. Sept. 13, 2022), provided this analysis:

---

stripping someone of their constitutional rights found in a prosecution under section 922(n) did not exist in a prosecution under section 922(g)(1). 2022 WL 4476790, at *8. Judge Counts wrote: "this Nation has a 'longstanding' tradition of exercising its right—as a free society—to exclude from 'the people' those who squander their rights for crimes and violence [i.e. felons]." *Id.*

4

> As the Supreme Court held in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010), the Second Amendment of the United States Constitution protects "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2122 (2022). "[C]onsistent with *Heller* and *McDonald*," the Supreme Court recently held that the Second Amendment also "protect[s] an individual's right to carry a handgun for self-defense outside the home." *Id.* To justify a gun regulation, the government "must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126.
>
> The Court made clear in *Bruen* that its recent holding is "in keeping with *Heller*." *Id.* In *Heller*, the Court stated that "'longstanding prohibitions on the possession of firearms by felons' are 'presumptively lawful,' and cited 'historical justifications' on which it could 'expound' later." *United States v. Williams*, 24 F.4th 1209, 1211 (8th Cir. 2022) (quoting *Heller*, 554 U.S. at 626-27 & n.26, 635). The Court reiterated its position on felon-in-possession statutes in *McDonald*, stating, "We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill." *McDonald*, 561 U.S. at 786 (internal quotations and citation omitted). Given this language, "Courts of Appeals have unanimously upheld the constitutionality of section 922(g)(1) against facial attacks." *Medina v. Sessions*, 279 F.Supp.3d 281, 287 (D.D.C. 2017) (citation omitted).
>
> In *Bruen*, the Court again stressed that *Heller* and *McDonald* remain good law. Justice Kavanaugh, joined by Chief Justice Roberts, stated that *Bruen* does not disturb what the Court has said in *Heller* about the restrictions imposed on possessing firearms, namely the "longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Bruen*, 142 S.Ct. at 2162 (Kavanaugh, J., concurring). Justice Alito stated in his concurrence, "Nor have we disturbed anything that we said in *Heller* or *McDonald*." *Id.* at 2157 (Alito, J., concurring). Finally, Justice Breyer, joined by Justices Kagan and Sotomayor, emphasized that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws prohibiting firearms possession by felons. *Id.* at 2189 (Breyer, J., dissenting).
>
> While Jackson would like this Court to scrutinize the history of felon-in-possession statutes, such examination is unnecessary at this time. Following *Heller* and *McDonald*, the Eighth Circuit upheld the constitutionality of 18 U.S.C. § 992(g)(1) in *United States v. Seay*, 620 F.3d 919, 924 (8th Cir. 2010). This remains good law. Jackson's facial challenge to section 922(g)(1) is therefore denied.

*Jackson*, 2022 WL 4226229, at *1-2. In addition to the concurring and dissenting opinions in *Bruen* which were cited by the *Jackson* court as stating that *Bruen* does not disturb restrictions

imposed on firearms possession by felons, this Court notes the following footnote from the *Bruen* opinion of the Court which cites with approval licensing regimes designed to limit firearms to law-abiding citizens:

> To be clear, nothing in our analysis should be interpreted to suggest the unconstitutionality of the 43 States' "shall-issue" licensing regimes, under which a general desire for self-defense is sufficient to obtain a [permit]. Because these licensing regimes do not require applicants to show an atypical need for armed self-defense, they do not necessarily prevent law-abiding, responsible citizens from exercising their Second Amendment right to public carry. Rather, it appears that these shall-issue regimes, which often require applicants to undergo a background check . . . are designed to ensure only that those bearing arms in the jurisdiction are, in fact, law-abiding, responsible citizens.

*Bruen*, 142 S.Ct. at 2138 n.9 (internal quotations and citations omitted).

While the *Jackson* court declined to "scrutinize the history of felon-in-possession statutes," other courts, in ruling on challenges post-*Bruen*, have looked at that history and have concluded that 18 U.S.C. § 922(g)(1) is consistent with this Nation's historical tradition of firearm regulation. *See United States v. Collette*, MO:22-CR-00141-DC, 2022 WL 4476790, at *7 (W.D. Tex. Sept. 25, 2022) (after performing a historical analysis, the court found "this Nation has a historical tradition of excluding felons and those who abuse their rights to commit violence from the rights and powers of 'the people'"); *United States v. Coombes*, No. 22-CR-00189-GKF, 2022 WL 4367056, at *5-8 (N.D. Okla. Sept. 21, 2022) (discussing the historical tradition of firearm regulation and concluding that "the people who adopted the Second Amendment would have understood it to permit prohibition of the possession of firearms by felons"); *United States v. Hill*, No. 21cr107 WQH, 2022 WL 4361917, at *2 (S.D. Cal. Sept. 20, 2022) ("although the historical question has not been definitively resolved, most scholars of the Second Amendment agree that the right to bear arms was inextricably tied to the concept of a virtuous citizenry that would protect society through defensive use of arms against criminals,

oppressive officials, and foreign enemies alike, and that the right to bear arms does not preclude laws disarming the unvirtuous citizens (i.e. criminals)").[5]

In accord with other courts which have examined a defendant's constitutional challenge to 18 U.S.C. § 922(g)(1) after the return of the *Bruen* decision,[6] this Court finds that nothing in the *Bruen* decision casts doubt on "the longstanding prohibitions on the possession of firearms by felons." This Court recommends that the District Court find 18 U.S.C. § 922(g)(1) to be constitutional on its face and as applied to defendant Jones.

### III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Jones's Motion to Dismiss Under the Second Amendment (Doc. #59).

The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to

---

[5] Citations, brackets, internal quotation marks, and other characters that do not affect the meaning of the cited language have been omitted.

[6] *See United States v. Carrero*, No. 2:22-cr-00030, 2022 WL 9348792, at *3 (D. Utah Oct. 14, 2022) ("As far as this court can find, every federal court that has assessed the facial constitutionality of Section 922(g)(1) in the wake of the *Bruen* decision has held that Section 922(g)(1) is constitutional on its face."); *United States v. Riley*, No. 1:22-cr-163 (RDA), 2022 WL 7610264, at *9 (E.D. Va. Oct. 13, 2022) ("No court confronted with the . . . facial challenge to the felon in possession statute . . . has found § 922(g)(1) unconstitutional and each has roundly rejected reading *Bruen* to obliterate—let alone obfuscate—the 'longstanding prohibitions on the possession of firearms by felons.'"); *United States v. Price*, --- F.Supp.3d ---, 2022 WL 6968457, at *7 (S.D. W. Va. Oct. 12, 2022) ("As has every other district court to address the question [whether the Government has established that Section 922(g)(1) is consistent with the United States' historical tradition of firearm regulation] in the wake of *Bruen*, I conclude that Section 922(g)(1) is constitutional."); *United States v. Cockerham*, Criminal No. 5:21-cr-6-DCB-FKB, 2022 WL 4229314, at *2 (S.D. Miss. Sept. 13, 2022) ("Federal courts nationwide have rejected similar facial constitutional challenges to the felon-in-possession statute."); *United States v. Burrell*, No. 21-20395, 2022 WL 4096865, at *3 (E.D. Mich. Sept. 7, 2022) (same).

file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge